UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERRY COVIELLO, )
    Plaintiff, )
     )
V. ) C.A. NO.: 04 11901 MLW
     )
TOWN OF CHELSMFORD, et al )

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR SUPPLEMENT PLEADINGS

Now comes the defendants in the above-referenced matter and hereby opposes the plaintiff's Motion to Add Two Additional Names to the List of Defendants.

In support thereof, the defendants state that Federal Rules of Civil Procedure Rule 15(a) allows a party to amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within twenty days after it is served. Otherwise, the party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a). In the case at bar, the time requirements have expired pursuant to Rule 15(a) as the defendants' responsive pleading was served on January 7, 2005. Further, justice does not require allowance of an amendment to the plaintiff's pleadings, as these two additional officers were not involved in the allegations surrounding the original incident.

If the plaintiff's motion is to be deemed by this Court to be a supplemental pleading pursuant to Rule 15(d), the defendants would object on the grounds that to allow such supplemental pleadings would be to allow the commencement of a new

proceeding against the two additional named Chelmsford Police Officers. Federal Courts apply the statute of limitations for personal injury actions under the law of the state in which the Courts sit. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). In Massachusetts, that statute is G.L. Ch. 260, §2A, which provides a three-year statute of limitations. Green v. Town of Brookline, 111F 3rd 122 (1st Cir. 1997) (holding 1983 claims time-barred); Street v. Vose, 936F 2nd 38 (1st Cir. 1991). The events in this case occurred on or about September 1, 2001. The plaintiff now seeks to amend or supplement his Complaint on an event that occurred almost four years ago.

Additionally, the Local Rules of the United States District Court of the District of Massachusetts, Rule 15.1(b), requires the party moving to amend a pleading to add a new party to serve, in the manner contemplated by Federal Rules of Civil Procedure Rule 5(b), the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. The motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party. In this case, this has not been done

For the reasons set forth hereinabove, the defendants respectfully request this Honorable Court deny the plaintiff's Motion to Add (Amend or Supplement) Two Names to the Listed Defendants.

Respectfully submitted,

The defendants,
By their attorneys,


___/s/ Jeremy Silverfine___
Jeremy I. Silverfine, BBO#542779
Leonard H. Kesten, BBO#542042
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: 7-28-05