UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY COVIELLO,<br>Plaintiff,<br><br>V.<br><br>TOWN OF CHELSMFORD, et al | )<br>)<br>)<br>)  C.A. NO.: 04 11901 MLW<br>)<br>) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS

### REQUEST NO. 1

The personnel records for officers Jennifer Fay, James Spinney, Gary Hannagan, Chief Raymond McCusker, and ex officer Mike Horan.

### RESPONSE NO. 1

Objection. The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not properly limited as to time, seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request calls for materials, which are privileged. See Wakefield Teacher's Association v. School Committee of Wakefield, 431 Mass. 792 (2000); Viriyahiranpaiboon v. Department of State Police, 52 Mass. App. Ct. 843 (2001); Bennett v. City of Holyoke, 230 F. Supp. 2d 207 (2002); Wagner v. City of Holyoke, 241 F. Supp. 2d 78 (2003); M.G.L. c. 4 §7, M.G.L. c. 214 §1B. Nevertheless, notwithstanding said objection and without waiving same, the Defendants have produced. (See copies of personnel records, attached hereto as Exhibit 1, Bates #001-1480). See also privilege log relative to this request.

**REQUEST NO. 2**

All records of complaints, formal and informal, internal and external against the above named persons for CH PD or any other.

**RESPONSE NO. 2**

Objection. The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not properly limited as to time, seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Further, the Defendants object to this Request on the grounds that it is unclear as to what the Plaintiff is seeking. The Defendants should not have to decide as to what the Plaintiff is requesting. Nevertheless, notwithstanding said objection and without waiving same, see documents contained within Exhibit 1 relative to complaints against named Defendants. See also privilege log relative to this request.

**REQUEST NO. 3**

Copy of Chelmsford police department manual with regard to traffic stops.

**RESPONSE NO. 3**

Objection. The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not properly limited as to time, seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, notwithstanding said objection and without waiving same, the Defendants will produce, if same exists.

**REQUEST NO. 4**

Copies of the certificate of graduation from the police academy of all persons named on pg 1, part "1)".

**RESPONSE NO. 4**

Produced. See documents contained within Exhibit 1.

**REQUEST NO. 4 (sic)**

Copies of all interdepartmental correspondence by the Chelmsford police regarding Gerald A. Coviello.

**RESPONSE NO. 4 (sic) – RESPONSE NO. 5**

Objection. The Defendants object to this Request on the grounds that it is unclear as to what the Plaintiff is seeking. The Defendants should not have to decide as to what the Plaintiff is requesting. Nevertheless, notwithstanding said objection and without waiving same, there are none.

The Defendants recognize their duty to supplement their responses, if appropriate.

>Respectfully submitted,
>Defendants,
>By their attorneys,
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>
>/s/ Jeremy I. Silverfine
>Jeremy I. Silverfine, BBO #542779
>One Exeter Plaza
>Boston, MA 02116
>617.880.7100

Dated: March 7, 2006