```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JERRY COVIELLO,                )
     Plaintiff                 )
                               )
         v.                    )    C.A. No. 04-11901-MLW
                               )
TOWN OF CHELMSFORD et al.,     )
     Defendant                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              March 31, 2006

On August 31, 2004, pro-se plaintiff Jerry Coviello filed a complaint alleging that the defendant police officers assaulted and battered him after illegally stopping his car. See Docket No. 1. Later, on December 20, 2004, Coviello filed a document entitled "Add to my original complaint," which apparently alleges that the defendants altered or destroyed evidence relevant to this proceeding:

> If I did not receive a correct copy of the turret tape from the police to prove my allegation that the female officer in my civil action, Identified as Jen Fay, called {radioed} for officers to pull me over ... then I have, in addition to my first complaint, been denied my right to petition the court for a redress of grievances with a true and accurate Record.

Docket No. 2. The court is treating this document as an amendment to his original complaint under Federal Rule of Civil Procedure 15(a), which allows Coviello to amend his complaint once "as a matter of course" before the defendants have responded. See Fed. R.

Civ. P. 15(a).

Coviello has now filed a motion to amend his complaint again to include allegations against two additional police officers, Frank Rourke and Scott Ubele, who Coviello alleges are responsible for altering evidence in a court case against him. <u>See</u> Docket No. 35. The defendants object to the defendant's proposed amendment because the amended pleading would "allow the commencement of a new proceeding against the two additional named Chelmsford Police Officers." They argue that these new allegations would be barred by Massachusetts's three-year statute of limitations for personal injury actions. In addition, they note that Coviello has failed to comply with Local Rule 15.1(b), which requires a party seeking to amend his complaint to add new parties to serve the motion to amend upon the proposed new party ten (10) days in advance. <u>See</u> L.R. 15.1(b).

The defendants' first objection is not, at this point, meritorious because the statute of limitations does not appear to bar Coviello's claim. Under Massachusetts law, a "cause of action will accrue when the plaintiff actually knows of the cause of action or when the plaintiff should have known of the cause of action." <u>Saenger Organization, Inc. v. Nationwide Insurance Licensing Associates, Inc.</u>, 119 F.3d 55, 64 (1st Cir. 1997). Based on the current record, it appears that the plaintiff would not have been able to receive a copy of the allegedly-altered evidence until

a court ordered the Chelmsford Police to turn it over to him on September 28, 2004. See Docket No. 40, App. 4. As a result, Coviello could not reasonably have known about the altered evidence until at least September, 2004, and he would have until at least September, 2007, to file his complaint. See Mass. Gen. Laws Ch. 260 § 2A. However, Rourke and Ubele may raise a statute of limitations defense in a motion for summary judgment after the completion of discovery and/or at trial.

Moreover, Coviello is not stating an entirely new claim because Coviello's first amended complaint appears to allege that officers altered evidence involved in this case. While it is true that the amended complaint states that "if" officers destroyed evidence, "then" Coviello would have a claim, that is not dispositive. Since Coviello is a pro-se plaintiff, the court must construe his complaint "liberally," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), and hold his complaint to "less stringent standards" than a pleading drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972). Because it appears that Coviello intended to allege that officers had altered evidence, the court finds that he alleged destruction of evidence in his first complaint. As a result, Coviello's proposed amendments arise out of the same occurrence he alleged in his first amended complaint, and they are not a completely new lawsuit as the defendants argue.

The defendants' second objection, however, is meritorious

3

because the plaintiff did not comply with Local Rule 15.1(b). At least ten days before filing his motion to amend, Coviello should have served his motion on each new party he is seeking to add, and he should have included with his motion a certificate stating that he had done so. He did not include such a certificate.

Nevertheless, since Coviello is a _pro_ _se_ plaintiff, and motions to amend are to be "freely given when justice so requires," Fed. R. Civ. P. 15, it is appropriate to excuse his failure to comply with the rule in this case.

Accordingly, it is hereby ORDERED that:

1. The plaintiff's motion to amend his complaint (Docket No. 35) is ALLOWED.

2. The plaintiff shall, by April 21, 2005, file an amended complaint stating his claims against each defendant.

3. The plaintiff shall promptly serve copies of the amended complaint on the new defendants as required by Federal Rule of Civil Procedure 5.

                                                  /s/ MARK L. WOLF
                                                  UNITED STATES DISTRICT JUDGE