[X] 4. The parties shall by 7/8/2005 make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1 *list of medical costs for injury N/A*

[X] 5. The parties shall by 7/8/2005 make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[ ] 6. All dispositive motions except motions for summary judgment shall be filed by_____ and responses shall be filed fourteen days thereafter pursuant to Local Rule 7.1.

[ ] 7. Discovery shall initially be limited to the issue(s) of _____, and shall be complete by _____.

[X] 8. Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by OCTOBER 21, 2005 the status and prospects for settlement.

If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by a magistrate judge or attorney on the Court's panel of mediators.

[ ] 9. A settlement conference, which must be attended by trial counsel with full settlement authority or with their clients, shall be held on _____, at _____.

[ ] 10. A status and case management conference will be held by Magistrate Judge _____ on a date to be scheduled by him in _____.

[X] 11. Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by DECEMBER 9, 2005 designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert. Each other party shall by JANUARY 20, 2006 designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[X] 12. All discovery shall be complete by MARCH 31, 2006.

Counsel for the parties shall confer and, by APRIL 20, 2006, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[X] 14. A scheduling conference will be held on APRIL 27, 2006 at 4:00 PM and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a

2

230 Commercial Street, First Floor | Boston, Massachusetts 02109 | tel 617 720 5509 | fax 617 720 0707

## J. Thomas Kerner
ATTORNEY AT LAW



April 13, 2006

Mr. Jeremy I. Silverfine
Brody, Hardon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116

    Re:   <u>Coviello v. Chelmsford</u>

Dear Jeremy:

    It was a pleasure talking to you this afternoon. I will search my files for what I believe is a two paragraph letter by Bill Howerton explaining his anticipated (criminal) trial testimony. I am moving my office this weekend and will not be able to access my files until after April 18, 2006. I am quite sure that Jerry Coviello doesn't have a copy of the Howerton letter.

    Also, I am writing to commemorate that we discussed the fact that I offered to assist Coviello settle this claim. He authorized me to offer $320,000. The basis of that offer was explained in my March 15, 2006 letter to you. You advised me that your clients, at this time, will not counter that offer. The reason that there will be no counter offer is because I informed you that Mr. Coviello would not accept significantly less than $320,000 to settle. Accordingly, settlement is unlikely.

    Thus, my involvement in this matter has concluded. Except, I will search my files and forward to Mr. Coviello, or directly to you if he wants, the above referenced Howerton letter. Mr. Howerton did testify at both Coviello's January 2006 criminal trial and during a motion to suppress hearing on August 19, 2005.

    Thank you.

                                                 Very Truly Yours,

                                                 J. Thomas Kerner

cc:   Jerry Coviello
JTK:ms