```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


JERRY COVIELLO,                  )
     Plaintiff                   )
                                 )
         v.                      )    C.A. No. 04-11901-MLW
                                 )
TOWN OF CHELMSFORD et al.,       )
     Defendant                   )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            August 14, 2006

I. Background

On August 31, 2004, pro-se plaintiff Jerry Coviello filed a complaint alleging that the defendant police officers assaulted and battered him after illegally stopping his car. See Docket No. 1. Later, on December 20, 2004, Coviello filed a document entitled "Add to my original complaint," which apparently alleged that the defendants altered or destroyed evidence relevant to this proceeding. The court treated that document as an amendment under Federal Rule of Civil Procedure 15(a). Coviello later filed another motion to amend his complaint to include allegations against two additional police officers, Frank Rourke and Scott Ubele, who Coviello alleges are responsible for altering evidence in a court case against him. See Docket No. 35. The court allowed the motion to amend and directed Coviello to file an amended complaint. Since then, the parties have filed numerous motions

relating to Coviello's amended complaint and to discovery.

## II. Plaintiff's First Motion to Compel

On February 22, 2006, Coviello filed a motion seeking to compel the defendants to produce documents that he had requested. (Dkt. No. 56). The defendants did not file an opposition but did file a document entitled "Defendant's Response to Plaintiff's Request for Documents." (Dkt No. 59). In that response, the defendant objected to each of the plaintiff's requests.

The plaintiff's motion to compel is being denied because it does not comply with Federal Rule of Civil Procedure 36(a)(2) and because it now appears moot. Under Rule 36(a)(2), the plaintiff was required to certify that he had "attempted to confer" with the defendant "in an effort to secure the information or material without court action." The plaintiff did not do so. Therefore, his motion to compel must be denied. Moreover, since the defendant has now filed a response to the plaintiff's document requests, the plaintiff's motion to compel appears to be moot. If the plaintiff objects to the defendant's response, he must attempt to confer with the defendants to resolve the issues and if he is unable to resolve his objection, he may file a motion to compel under Federal Rule of Civil Procedure 37(a). See Fed. R. Civ. P. 34(b).

III. <u>Defendants' Motion to Access CORI Records</u>

The defendants have filed a motion seeking approval to access criminal history information for 9 potential witnesses in this case. (Dkt. No. 61). Massachusetts statutes require individuals seeking access to criminal history information to obtain approval from the Criminal History Systems Board. <u>See</u> Mass. Gen. Laws ch. 6 § 172. The Criminal History Systems Board may grant access in specific cases, but it also grants "general" access to categories of people who need the information. <u>See</u> <u>id.</u> The Criminal History Systems Board has granted general access to criminal history information to attorneys of record for "witness impeachment or strategy purposes" in civil cases. <u>See</u> http://www.mass.gov/Eeops/docs/chsb/cori_gen_grants_list.pdf. However, before an attorney may access this information, the attorney must provide an "approved motion from the court." Because it is appropriate for the attorneys in this case to seek criminal background information about potential witnesses, their motion is being allowed.

IV. <u>Defendants' Motion for Access to Grand Jury Minutes</u>

The defendants have also filed a motion requesting access to "grand jury minutes and materials from the Commonwealth of Massachusetts." (Dkt. No. 63). The defendants state that they seek these materials "as part of the discovery in this case."

However, they do not explain why they need it. The defendants state that they have requested the materials from the Commonwealth of Massachusetts and have been informed that "a court order is required." The plaintiff has not opposed this motion.

The motion is being denied. Although access to federal grand jury materials is governed by Federal Rule of Criminal Procedure 6(e), the defendants are seeking access to state grand jury materials. Therefore, Rule 6(e) does not directly apply. In addition, although Massachusetts law creates privileges protecting grand jury materials from disclosure in state cases, these privileges do not control here, either because this case involves a federal question, and state privileges do not govern federal question cases. See Fed. R. Evid. 501. Therefore, this court must apply federal common law to determine whether the defendants are entitled to have access to the grand jury materials.

Under federal common law, courts generally apply the same standard to state grand jury materials that they apply to federal grand jury materials: before a court will allow a party to access grand jury materials, the party must show a "particularized need" for the materials. See Lucas v. Turner, 725 F.2d 1095, 1099-1102 (7th Cir. 1984). To do that, the party must show that "the material they seek is needed to avoid a possible injustice in

another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Id. (quoting Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)). The defendants have made no attempt to show particularized need. Therefore, their motion is not meritorious.

The defendant's motion also fails for another reason. Federal courts are hesitant to interfere with state proceedings unless necessary. Therefore, "when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy." Socialist Workers Party v. Grubisic, 619 F.2d 641, 644 (7th Cir. 1980). Therefore, before asking this court to grant access to state grand jury materials, the defendants must file a motion in state court requesting access to the materials and stating why they should have access. Only if the state court denies the motion will this court consider whether the defendants can meet the federal "particularized need" standard. The defendants do not appear to have filed the proper motion in state court. Therefore, their motion is being denied for this reason, as well.

V. <u>Defendants' Motion to Compel Document Requests</u>

The defendants have filed a motion to compel the plaintiff to respond to their document requests. (Dkt. No. 68). The plaintiff did not file an opposition, but he did file a motion requesting the court to allow him to produce the documents by March 31, 2006. (Dkt. No. 72). Apparently, the plaintiff eventually responded to the defendants' request for document production. However, the defendants then filed a motion to compel "further response" from the plaintiff. (Dkt. No. 82). Once again, the plaintiff did not file an opposition, although he did file a copy of a letter he wrote to the defendants regarding their document request. (Dkt. No. 87). For the reasons stated below, the motion to compel further response is being allowed.

The defendants first object to Coviello's responses to their requests for document production numbered 1 through 3 and 5 through 19. In response to each of these requests, Coviello responded, "Most or all doc. already in possession of defendants." In a letter to the defendants, Coviello explains, "I responded that 'most or all doc. already in possession of defendants' because it is from them that I received most or all of them." Dkt. No. 87 at 1. The defendants respond that they are entitled to more than "most" of the documents and "should not be in a position of having to guess what documents are either missing or being referred to."

This portion of the defendants' motion is being allowed because Coviello is obliged to respond fully to the defendants' request for document production. Under Federal Rule of Civil Procedure 34, the defendants may require Coviello to produce any documents that are relevant to any claim or defense in this case. <u>See</u> Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 26(b). Coviello may not avoid his duty to produce the requested documents simply by stating that the defendant already has access to most of them. Rather, within 30 days of receiving a request for document production, he was required to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34. If Coviello believed that the defendants' document requests were "unreasonably cumulative or duplicative," were "obtainable from some other source that is more convenient, less burdensome, or less expensive," that the defendants had had "ample opportunity" to obtain the information already, or that the defendants' requests were overly burdensome, he should have filed a motion with this court explaining why the requests meet these criteria and asking the court to limit discovery. <u>See</u> Fed. R. Civ. P. 26(b)(2). Because he did not do that, however, the motion to compel is being granted.

The defendants have not requested sanctions. But when this

court grants a motion to compel under Rule 37(a), this court generally must order the party who improperly objected to discovery to pay the expenses of the party who sought the motion to compel. This general rule applies unless the court finds that the defendants filed their motion to compel without first attempting to obtain the discovery from Coviello without court intervention, unless Coviello's failure to respond was "substantially justified," or unless some other circumstances would make sanctions unjust. Fed. R. Civ. P. 37(a)(4)(A). On the present record, none of these exceptions appears to apply.

Therefore, the defendants shall file an affidavit itemizing "the reasonable expenses incurred in making the motion" to compel. Fed. R. Civ. P. 37(a)(4). If the plaintiff wishes to dispute these expenses or to argue that his failure to respond was "substantially justified," that the defendants filed their motion without first attempting to obtain discovery without the court's intervention, or that sanctions would otherwise be unjust, he may file a memorandum explaining why the court should not impose sanctions.

The defendants also object to a number of the plaintiff's other responses to their requests for document production. In Request No. 24, the defendants directed the plaintiff to produce "Copies of any and all Grand Jury Minutes relative to this incident." Dkt. No. 82 at 9. According to the defendants'

8

memorandum, the plaintiff objected to producing these minutes because "the grand jury minutes were given to me as privileged information because I was the defendant in a criminal case." Dkt. No. 82 at 9. The plaintiff filed no opposition but filed a copy of a letter that he sent to the defendants in which he states that "I am not sure my objection is misplaced and I would assume that the defendants would have received copies of their own grand jury testimony. If the court so orders, I will forward you a copy." Dkt. No. 87 at 2.

The court is not aware of any privilege that would allow the plaintiff to refuse to turn over copies of grand jury testimony that he possesses. Since the plaintiff has not specified what privilege he is relying on, the defendants' motion to compel is being allowed. The plaintiff must produce "Copies of any and all Grand Jury Minutes relative to this incident."

The defendants next object to Coviello's response to Request No. 28, which instructs the plaintiff to produce "Copies of any and all tax returns for the years 1996 through 2004, including, but not limited to any and all 1099 forms." Dkt. No. 82 at 9. According to the defendants, the plaintiff provided some tax forms but stated "I object to any request to any request for tax info before yr of incident." Id. The defendants argue that tax information from 1996 to 2004 is relevant because the plaintiff has alleged that he suffered financial losses.

The plaintiff has not filed any opposition to this part of the defendants' motion. Therefore, because the plaintiff's tax information appears to be relevant to his claims, this portion of the defendants' motion to compel is being allowed.

Finally, the defendants object to the plaintiff's response to Request No. 33, which directs the plaintiff to produce "Any and all documents filed by the plaintiff with any criminal court relative to the allegations in his complaint." The defendants allege that the plaintiff's response was incomplete because it did not include any documents from the case <u>Commonwealth v. Jerry Coviello</u>.

The plaintiff has not opposed this part of the motion. Therefore, this portion of the motion is being allowed.

VI. <u>Defendants' Motion to Compel Plaintiff to Provide Expert Reports</u>

The defendants next filed a motion seeking to compel the plaintiff to disclose reports from his experts, as required under Federal Rule of Civil Procedure 26 and this court's Scheduling Order. (Dkt. No. 70). Once again, the plaintiff did not file an opposition to the motion. However, he has filed a letter that he wrote to the defendants, which states that he mailed the defendants his experts' reports in September and December of 2005. (Dkt. No. 75).

On the current record, it is not possible to determine whether Coviello complied with his Rule 26 obligations, since the parties disagree about whether Coviello provided his expert reports. Therefore, to ensure that the defendants have copies of the plaintiff's experts' reports, the court is ordering the plaintiff to file copies of these reports with the court, and serve defendants with a copy of this filing. The court will consider at the next hearing whether the motion to compel was meritorious and whether it is therefore appropriate to impose sanctions on either party related to this motion to compel.

VII. Plaintiff's Motion for Expert Witness Fees

Coviello next filed a motion asking the court to order the defendants to pay his expert witnesses a reasonable fee for the time they spent responding to discovery or to cancel the experts' depositions. (Dkt. No. 71). The defendants did not respond to this motion. Under Federal Rule of Civil Procedure 26(b)(4)(C), this court must "require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery under this subdivision." Fed. R. Civ. P. 26(b)(4)(C). Therefore, Coviello's motion is being allowed.

VIII. Defendants' Motion to Strike

Finally, the defendants have filed two motions seeking to

strike Coviello's amended complaint in this case. (Dkt. Nos. 84, 88). On March 31, 2006, this court allowed Coviello's motion to amend his complaint to add two new parties to the case. See Dkt. No. 73. It ordered him to file an amended complaint stating his claims "against each defendant." Coviello filed an amended complaint on April 21, 2006, but that complaint did not state all his claims against each defendant. See Dkt. No. 81. Rather, it only stated his claims against the two new defendants. The defendants filed a motion to strike the pleading because it did not comply with the court's order, because the plaintiff did not include the grounds for the court's jurisdiction, because the complaint did not contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, because the complaint did not include a demand for judgment, and because the complaint was too vague to require a responsive pleading. (Dkt. Nos. 84, 88). The plaintiff filed an opposition stating that he believed he only needed to state his new claims against the new defendants but conceded that h may have made a "technical error" by not including his claims against each defendant but denying that his complaint was too vague. (Dkt. No. 91). Coviello stated that he would file a new amended complaint within one week and filed this complaint on June 30, 2006. (Dkt. No. 89). The new complaint does not contain a statement of the grounds on which this court's jurisdiction rests. However, the court is construing

the amended complaint to include the jurisdictional statement from Coviello's original complaint.

The court finds that the interests of justice will be advanced by allowing allowing Coviello to amend his complaint to state all his claims against all defendants and therefore is considering Dkt. No. 89 to be Coviello's complaint. Accordingly, the defendants' motions (Dkt. Nos. 84, 88) to strike Coviello's former complaint are MOOT.

IX. <u>Defendants' Motion to Respond to Amended Complaint</u>

The defendants have filed a motion seeking 20 days to respond to the plaintiff's amended complaint if it is not struck. (Dkt. No. 94). That motion is unopposed and meritorious, and is therefore being allowed.

X. <u>Motions Regarding Ubele and Rourke Interrogatories</u>

On August 8, 2006, the plaintiff filed another motion to compel, this time seeking to compel defendants Frank Rourke and Scott Ubele to answer interrogatories he allegedly served on them on July 8, 2006 (Dkt. No. 96). Defendants Frank Rourke and Scott Ubele filed a motion on August 9, 2006, noting that they had been added as defendants only recently, when the plaintiff last amended his complaint and noting that they have asked the court to strike the plaintiff's amended complaint against them. In

13

their motion, they requested that if the court does not strike the plaintiff's complaint, it allow them thirty days to respond to interrogatories that the plaintiff has served on them. (Dkt. No. 95).

The plaintiff's motion to compel is being denied because, like the plaintiff's other motion to compel, it does not contain the certification required by Federal Rule of Civil Procedure 37. See Fed. R. Civ. P. 37(a)(2)(B). Before filing motions to compel, the plaintiff must attempt to confer with the opposite party to attempt to resolve his discovery dispute without court intervention, and he must certify that he has done so when filing a motion to compel.

Motions to compel should be the exception, not the rule: the parties must make every effort to resolve their discovery disputes without seeking court intervention. To ensure that they do, the Federal Rules of Civil Procedure ordinarily require this court to impose sanctions on one of the parties when it decides a motion to compel. If the court grants a motion to compel, it must usually sanction the party who failed to participate fully in discovery. See Fed. R. Civ. P. 37(a)(4)(A). If it denies the motion, it must sanction the party that brought the motion. See Fed. R. Civ. P. 37(a)(4)(B).

Here, since the defendants have not filed an opposition to Coviello's motion, it is not appropriate to impose sanctions. See

14

Fed. R. Civ. P. 37(a)(4)(B). However, the parties are advised that the court may impose sanctions if it must decide any future motions to compel.

Defendants Rourke and Ubele's motion for time to respond is being allowed. Because the court is denying the motion to strike Coviello's amended complaint, Rourke and Ubele are both parties to this case and must respond to Coviello's interrogatories.

X. <u>ORDER</u>

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's motion to compel (Dkt. No. 56) is DENIED.

2. The defendants' motion for access to CORI records (Dkt. No. 61) is ALLOWED.

3. The defendants' motion for access to state grand jury testimony (Dkt. No. 63) is DENIED without prejudice. If the defendants are unable to obtain these materials from the state court that supervised the grand jury, they may file a motion in this court explaining why they have a particularized need for the materials as described in <u>Douglas v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979).

4. The defendants' motion to compel document production (Dkt. No. 68) and the plaintiff's motion for more time to produce the documents are MOOT.

5. The defendants' motion to compel "further response" to

their request for document production (Dkt. No. 82) is ALLOWED. By September 14, 2006, the plaintiff shall allow the defendant to inspect and copy all documents in his control or possession that were requested in the defendants' Document Request Nos. 1-3, 5-19, 24, 28, and 33. In addition, the defendants shall, by September 21, 2006, file an affidavit itemizing "the reasonable expenses incurred in making the motion" to compel. Fed. R. Civ. P. 37(a)(4). If the plaintiff wishes to dispute these expenses or to argue that his failure to respond was "substantially justified," that the defendants filed their motion without first attempting to obtain discovery without the court's intervention, or that sanctions would otherwise be unjust, he shall, by October 6, 2006, file an affidavit and supporting memorandum explaining why the court should not impose sanctions.

    6. The court is not now deciding the defendant's motion to compel the plaintiff to provide expert reports (Dkt. No. 70). However, the plaintiff shall, by August 28, 2006, file copies of each expert's report. The defendants shall serve their rebuttal expert reports by September 28, 2006. The court will consider at the next hearing whether it is appropriate to impose sanctions on either party related to this motion to compel.

    7. The plaintiff's motion for expert witness fees (Dkt. No. 71) is ALLOWED. Coviello shall obtain an itemized invoice from his experts listing with particularity how much time each expert

spent responding to each discovery request, the expert's fee, and the total amount each defendant owes. By September 14, 2006, he shall send a copy of each invoice to each defendant and file a copy with the court. By September 28, 2006, the defendants shall either pay the invoices or file a motion objecting to the invoices and explaining the basis for their objections.

8. The defendants' motion to strike (Dkt. Nos. 84 and 88) are MOOT.

9. The defendants' motion to respond to the plaintiff's amended complaint (Dkt. No. 94) is ALLOWED. The defendant shall respond to the complaint by September 8, 2006.

10. The motion of defendants Ubele and Rourke for leave to file answers to the plaintiff's interrogatories (Dkt. No. 95) is ALLOWED. Ubele and Rourke shall answer the plaintiff's interrogatories by September 8, 2006.

11. The plaintiff's motion to compel (Dkt. No. 96) is DENIED.

12. The defendants' motion to extend the deadline for discovery (Dkt. No. 58) is ALLOWED. All discovery shall be completed by December 31, 2006.

13. The parties shall, by January 22, 2007, confer and inform the court whether (a) the case is settled and, if not, (b) whether any party feels he has a meritorious motion for summary judgment.

14. A conference will be held on January 29, 2007. It shall be attended by trial counsel with full settlement authority or with their clients.

                                                  /s/ MARK L. WOLF
                                                  UNITED STATES DISTRICT JUDGE