United States District Court
District of Massachusetts

Jerry Coviello
   plaintiff

v.                                                    CA# 04-11901-MLW

Town of Chelmsford
   Chelmsford, P.D.
      et al, Defendants

dated; 9-19-06

---

Now comes the plaintiff to file this Motion For Clarification. The Plaintiff does not understand the meaning of order no. 7 of the memorandum and Order dated August 14th 2006. {see copy attached no. 1}. It sounds as if the Court believes that my expert witnesses response to discovery requests has already happened or

P 1

will happen by Sept 14th 2006, and neither is the case. If the court wishes me to file an itemization of how my expert witnesses will charge for response to discovery requests and/or depositions please let me know.

Respectfully Submitted =

Jerry Coviello  Pro-Se
86 Richardson Rd. #1
N. Chelmsford, MA. 01863
ph   978-771-3061
or cell   978-884-8513

*attached no.1 pg 2*

spent responding to each discovery request, the expert's fee, and the total amount each defendant owes. By September 14, 2006, he shall send a copy of each invoice to each defendant and file a copy with the court. By September 28, 2006, the defendants shall either pay the invoices or file a motion objecting to the invoices and explaining the basis for their objections.

8. The defendants' motion to strike (Dkt. Nos. 84 and 88) are MOOT.

9. The defendants' motion to respond to the plaintiff's amended complaint (Dkt. No. 94) is ALLOWED. The defendant shall respond to the complaint by September 8, 2006.

10. The motion of defendants Ubele and Rourke for leave to file answers to the plaintiff's interrogatories (Dkt. No. 95) is ALLOWED. Ubele and Rourke shall answer the plaintiff's interrogatories by September 8, 2006.

11. The plaintiff's motion to compel (Dkt. No. 96) is DENIED.

12. The defendants' motion to extend the deadline for discovery (Dkt. No. 58) is ALLOWED. All discovery shall be completed by December 31, 2006.

13. The parties shall, by January 22, 2007, confer and inform the court whether (a) the case is settled and, if not, (b) whether any party feels he has a meritorious motion for summary judgment.

Attached not pg 1

their request for document production (Dkt. No. 82) is ALLOWED. By September 14, 2006, the plaintiff shall allow the defendant to inspect and copy all documents in his control or possession that were requested in the defendants' Document Request Nos. 1-3, 5-19, 24, 28, and 33. In addition, the defendants shall, by September 21, 2006, file an affidavit itemizing "the reasonable expenses incurred in making the motion" to compel. Fed. R. Civ. P. 37(a)(4). If the plaintiff wishes to <u>dispute these expenses or</u> to argue that his failure to respond was "substantially justified," that the defendants filed their motion without first attempting to obtain discovery without the court's intervention, or that sanctions would otherwise be unjust, he shall, by October 6, 2006, file an affidavit and supporting memorandum explaining why the court should not impose sanctions.

6. The court is not now deciding the defendant's motion to compel the plaintiff to provide expert reports (Dkt. No. 70). However, the plaintiff shall, by August 28, 2006, file copies of each expert's report. The defendants shall serve their rebuttal expert reports by September 28, 2006. The court will consider at the next hearing whether it is appropriate to impose sanctions on either party related to this motion to compel.

▓▓▓ plaintiff's motion for expert witness fees (Dkt. No. 71) is ALLOWED. Coviello shall obtain an itemized invoice from his experts listing with particularity how much time each expert

16