FYi

FILED
M CLERKS OFFICE

2006 SEP 21  P 2: 01

US DISTRICT COURT
DISTRICT OF MASS

Attention = Jeremy Silverfine

RE: Jerry Coviello Pro SE

V: Town of Chelmsford, Chelmsford P.D. et al

U.S. District Court Civil Action no.

04-11901-MLW

dated; Sept 17th, 2006

You will please have defendant
Frank Roark [Esic] answer his
interrogatory questions not
defendant Scott Ubele's. Defendant
Roark signed off on a cassette
tape, not a C.D. and his question
no. 4 was worded to reflect that
{ see copy attached no. 1 }.

As for defendant Scott Ubele.
you will please have him answer

his interrogatory questions no's 5 & 6 with an admittance or denial response {yes or no}. He has already acknowledged the existance, and validity of the term "turret communications" by answering question no. 4 { see copy attached no. 2 }. The court and the parties involved in this civil action have already acknowledge the meaning of the term "turret", as in "turret tapes", "turret tape" recordings and or "turret" communications to refer to the Chelmsford police depts' recordings of the events that took place on the night of the incident

Pg 2

that has given rise to this civil action
This was done by the court orders
dated 6-2-05, and defendant
Scott Ubeles <u>compliance</u> with
that order — without objection to
the term "turret type" as used in
that order { see copy attached no
3 }.

Signed = Jerry Corvello

Jerry Corvello Pro-SE
86 Richardson Rd. #1
N. Chelmsford, MA. 01863

Ph = 978.771.3061
or    978.884.8513

Attached No. 1

← FRANK ROACH

F.R

4) When producing a cassette tape of turret communications of the night in question did you deliberately omit, through editing, transmittions between a female Chelmsford Mass. police officer now identified as Jennifer Fay) and anyone else regarding; any verbal communications made to her by Richard Fries, my CAR, her asking or suggesting my CAR be stopped?

5) Did you knowingly supply falsified evidence for criminal case Comm. v. Coviello MICR 2001-01129?

Attached no. 2

Pg 1

**ANSWER NO. 3**

No.

**INTERROGATORY NO. 4**

When producing data file C.D.'s and audio C.D.'s of turret communications of the night in question did you deliberately omit through editing transmittions between a female Chelmsford Mass. police officer now identified as Jennifer Fay and anyone else regarding verbal communications made to her by Richard Fries, my car, asking or suggesting my car be stopped?

**ANSWER NO. 4**

No.

**INTERROGATORY NO. 5**

Did you enter the turret communications of the night in question from a "MASTER" recording onto a computer for any reason?

**ANSWER NO. 5**

The Chelmsford Police Department does not have so-called "Turret" tapes.

**INTERROGATORY NO. 6**

Did you use "editing Software" or Any method at all to edit out any sounds, or any portion of the turret communications contained on those C.D.'s

**ANSWER NO. 6**

The Chelmsford Police Department does not have so-called "Turret" tapes.

**INTERROGATORY NO. 7**

Did you knowingly supply falsified evidence for criminal case Comm. V. Coviello, MICR 2001-01129, and Civil Case Coviello v. Town of Chelmsford, 04-11901-MLW?

**ANSWER NO. 7**

2

Attached no. 2

Pg 2

No.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _8TH_ DAY
OF _September_ , 2006.

Dep. Chief Scott Ubele

3

Attached no. 3.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERRY COVIELLO,          )
    Plaintiff,       )
                )
    v.               )    C. A. No. 04-11901-MLW
                )
TOWN OF CHELMSFORD, et al )
    Defendants.      )

ORDER

WOLF, D.J.                                    June 2, 2005

    As stated at the June 1, 2005 conference, it is hereby ORDERED
that:

    1. The Plaintiff shall, by June 8, 2005, inform the court in
writing whether he requests that the Pro Bono Clerk attempt to find
counsel to represent him.

    2. The Defendants shall, by June 15, 2005, provide the
plaintiff with a compact disc with the "turret tape" recordings of
calls to the Chelmsford Police Department from 11:30p.m. through
12:30a.m. on August 31, 2001, through September 1, 2001, and report
to the court whether they have complied with this Order.

    3. The parties shall comply with the attached Scheduling
Order.

UNITED STATES DISTRICT JUDGE

