*Attached no.-1*
*$\quad$ pg 1*

Fed. R. Civ. P. 37(a)(4)(B). However, the parties are advised
that the court may impose sanctions if it must decide any future
motions to compel.

Defendants Rourke and Ubele's motion for time to respond is
being allowed. Because the court is denying the motion to strike
Coviello's amended complaint, Rourke and Ubele are both parties
to this case and must respond to Coviello's interrogatories.

X. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's motion to compel (Dkt. No. 56) is DENIED.

2. The defendants' motion for access to CORI records (Dkt.
No. 61) is ALLOWED.

3. The defendants' motion for access to state grand jury
testimony (Dkt. No. 63) is DENIED without prejudice. If the
defendants are unable to obtain these materials from the state
court that supervised the grand jury, they may file a motion in
this court explaining why they have a particularized need for the
materials as described in Douglas v. Petrol Stops Northwest, 441
U.S. 211, 222 (1979).

4. The defendants' motion to compel document production
(Dkt. No. 68) and the plaintiff's motion for more time to produce
the documents are MOOT.

5. The defendants' motion to compel "further response" to

15

Attached No. 3

Pg 2 of my mailing dated 5-21-06

and I would assume that the defendants would have recieved copies of thier own Grand Jury testimony. If the court so orders I will forward you a copy

3. "With reference to request no. 28 the financial losses I suffered were <u>after</u> the incident, sept/oct 2001, not before.

4. "With reference to request no. 33". Are you requesting a copy of every motion filed by every one of my attorneys involved in "Comm. v. Covello"? Please advise.

On the matter of incomplete document production. I have become aware of an incident that took place at the same

Pg 2