Commonwealth of Massachusetts

Middlesex, ss    Superior Court Department
                 Lowell Division

Commonwealth
v.                          Docket #: MICR 2001-0113
Gerald Coviello

<u>Motion to Dismiss,</u> Hear device Indict

Now comes Gerald Coviello, defendant in the above captioned matter and files this motion to dismiss indictment 004.

As grounds for this motion the defendant cites the statements made in open court, over the course of approximately 8 months, in front of at least two judges, by A.D.A.

Thomas O'Reilly, that the commonwealth "cannot defend this charge", and that it would file a "nolle prosequi" for this count. The commonwealth has had more than enough time to do so. Since I am unwilling to let this charge stand, unchallenged, any longer than necessary, I see no reason to waste valuable time having a hearing for a motion who's end result is a fore-gone conclusion, the defence requests

the indictment be dismissed.

Dated 1-31-05

Signed;
Gerald Coviello- Pro SE
71 North Rd
Chelmsford, Ma. 01824
978-256-1986
973-884-8513 cell no

cc: ADA Tom O'Reilly

Commonwealth of Massachusetts
middlesex, ss           Superior Court dept
                        Lowell division

Commonwealth
       v.                Docket # MICR 2001-012
Gerald Coviello

Motion For Reconsideration, Court
Ordered Fee For Chelmsford Police.

Now comes Gerald Coviello, defendant
in the above captioned matter and
files this motion for reconsideration
of a court order given on February
28th of 2005 instructing Mr. Coviello
to pay $360.⁰⁰ in witness fees
to the Chelmsford Police.

As grounds for this motion the

3. That after atty Kerner filed for withdrawal he told ADA O'Reilly that he would accept the data and forward it, as an "outgoing gesture", or "last obligation".

4. That ADA O'Reilly told him he was no longer the atty of record, when Mr. O'Reilly knew full well he was.

5. The Prosecutor was aware that he was in violation of a court order.

6. That the defense council no matter who it was, could not

proceed with this motion until an audio forensics expert, hired by the defendant, had recieved the CD copy of the turret tape data, and had sufficient time for analysis in his laboratory.

It is the defenses' contention that the only reason Mr. O'Reilly had the officers in the court room on February 28th 2005 was for purposes of "grandstanding". That by ignoring the court order regarding the turret tapes, he had