Attached no. 1

may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the United States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2) Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

**(3) Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of

Brody, Hardoon, Perkins & Kesten, LLP
Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Bronstin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

Attached no. 2

December 16, 2005

Jerry Coviello
71 North Road
Chelmsford, MA 01824

RE: Jerry Coviello *pro se*
VS: Town of Chelmsford Police Department, et al
U.S. District Court Civil Action no.: 04-11901-MLW

Dear Mr. Coviello:

This letter will serve as a follow-up to our conversation of December 13, 2005 in which I requested you disclose the information as described in Federal Rules of Civil Procedure Rule 26(a)(2) concerning each expert that you have designated in this case.

Specifically, with respect to each witness who has been retained by you to provide expert testimony in the case, Federal Rules of Civil Procedure R. 26(a)(2)(B) states that the disclosure shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Kindly provide the disclosure to me of the experts that you have identified.

Very truly yours,

Jeremy I. Silverfine

JIS/gs

Attached no. 3 i.e. local rule 26(b)(1)(A)(B)(C)(D)

[X] 4. The parties shall by 7/8/2005 make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1 list of medical costs for injury N/A

[X] 5. The parties shall by 7/8/2005 make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[ ] 6. All dispositive motions except motions for summary judgment shall be filed by ______________ and responses shall be filed fourteen days thereafter pursuant to Local Rule 7.1.

[ ] 7. Discovery shall initially be limited to the issue(s) of ______________________________, and shall be complete by ______________________.

[X] 8. Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by OCTOBER 21, 2005 the status and prospects for settlement.

If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by a magistrate judge or attorney on the Court's panel of mediators.

[ ] 9. A settlement conference, which must be attended by trial counsel with full settlement authority or with their clients, shall be held on __________________, at ______________.

[ ] 10. A status and case management conference will be held by Magistrate Judge ______________ on a date to be scheduled by him in ______________.

[X] 11. Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by DECEMBER 9, 2005 designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert. Each other party shall by JANUARY 20, 2006 designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[X] 12. All discovery shall be complete by MARCH 31, 2006.

[X] 13. Counsel for the parties shall confer and, by APRIL 20, 2006, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[X] 14. A scheduling conference will be held on APRIL 27, 2006 at 4:00 PM and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a

This date no longer PASt

# Brody, Hardoon, Perkins & Kesten, LLP

Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Djuna E. Perkins
Thomas P. Campbell
Peter E. Montgomery
Andrew S. Brooslin
Kristin Tyler Harris

Administrator:
Elizabeth L. Joyce

Attached no: 4

January 19, 2006

Jerry Coviello
71 North Road
Chelmsford, MA 01824

RE: Jerry Coviello *pro se*
VS: Town of Chelmsford Police Department, et al
U.S. District Court Civil Action no.: 04-11901-MLW

Dear Mr. Coviello:

Pursuant to the Court's scheduling order and the Federal Rules of Civil Procedure Rule 26(a)(2), I am listing the following individuals designated as experts for the defendants relative to the above-referenced matter:

1. Gordon "Chip" Johnston, PO Box 850, Hampton, New Hampshire, and
2. Kathleen Redlund, President, Acorn Recording Solutions, Inc., PO Box 987, Plaistow, New Hampshire.

I have enclosed copies of their curriculum vitaes.

The defendants recognize their duty to supplement this disclosure and will be forwarding written reports from the respective witnesses to you under separate cover.

Very truly yours,

Jeremy I. Silverfine

JIS/jj

Enclosures