UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY COVIELLO<br>Plaintiff<br><br>v.<br><br>TOWN OF CHELMSFORD et al.<br>Defendants | CIVIL ACTION NO. 04-11901-MLW<br><br>MEMORANDUM IN SUPPORT OF<br>DEFENDANT MICHAEL HORAN'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

   Plaintiff Jerry Coviello claims a police officer, defendant Michael Horan, stopped him on September 1, 2001 to intimidate, harass, assault and batter the plaintiff, that defendant Horan assaulted and battered the plaintiff and that defendant Horan violated the plaintiff's Fourth Amendment rights.  The plaintiff also commenced a Lowell District Court civil action against defendant Horan, claiming assault and battery for the same incident.  In the Lowell District Court civil action, the plaintiff and defendant Horan filed a "Stipulation of Judgment."  On August 5, 2005, judgment entered in Lowell District Court in favor of the plaintiff against defendant Horan in the amount of $100 plus costs and interest, for a total of $328.35.

   The entry of judgment in the plaintiff's Lowell District Court civil action against defendant Horan precludes the plaintiff from asserting claims arising from the same incident in the pending civil action.  The District Court should allow defendant Horan's motion for summary judgment and dismiss the plaintiff's claims against defendant Horan.

STATEMENT OF CASE

    A.    *Plaintiff's Claims in Lowell District Court Civil Action*

On June 25, 2004, the plaintiff commenced a civil action in Lowell District Court against defendant Horan alone.[1]  Lowell District Court Complaint, attached to motion for summary judgment as Exhibit A.  (See date stamp on first page of document.)

In this Lowell District Court civil action, the plaintiff alleged[2] that on September 1, 2001, the plaintiff was operating his two-door, 1967 Mustang.  Lowell District Court Complaint para. 4.  The Lowell District Court Complaint continues, "S hortly before 12:30 a.m. on September 1, 2001 Horan received word from a female off duty Chelmsford police officer that the passenger in Coviello's vehicle had made a crude comment to the of duty officer."  Lowell District Court Complaint para. 5.  According to the Lowell District Court Complaint, defendant Horan stopped the plaintiff, asked the plaintiff to produce his license and registration (a request with which the plaintiff complied) and asked the plaintiff to turn off his engine (a request to which the plaintiff responded that he would rather not turn off the engine.)  Lowell District Court Complaint para. 6-9.  The plaintiff alleged in his Lowell District Court civil action that defendant then raised his hand in a threatening manner and hit the plaintiff in the head and shoulder, which amounted to assault and battery.  Lowell District Court Complaint para. 10, 12.

---

[1] A federal court may take judicial notice of state court proceedings.  *United States v. Mercado*, 412 F.3d 243, 248 (1st Cir.2005); *E.I. DuPont de Nemours & Co. v. Cullen*, 791 F.2d 5, 7 (1986).

[2] Because the accompanying motion for summary judgment should be decided viewing the facts in the light most favorable to the non-moving party, *Meehan v. Town of Plymouth*, 167 F.3d 85, 87 (1st Cir.1999), defendant Horan submits the plaintiff's documents and statements in support of the motion for summary judgment, but does not adopt these documents or accept the plaintiff's statements as true.

B.   *Claims in U.S. District Court Civil Action*

On August 31, 2004, the plaintiff commenced the pending civil action in U.S. District Court against defendant Horan and other defendants, including Jennifer Fay. In his complaint, the plaintiff avers,

> On September 1st 2001 Officer Jen Fay radioed other officers, and/or dispatch to "pull over"/stop my car for the purpose of intimidation, harassment, and/or assault & battery because my passenger, a family acquaintance who was to drunk to drive home safely had conveyed words to her on his way out of the restaurant that expressed sexual interest in her. Violation of my 4th amendment rights.
>
> On September 1st 2001 Officer Michael Horan intercepted a radio call from Officer Fay/dispatch to go to Chelmsford Street to "pull over"/stop my car for the purpose of intimidation, harassment and/or assault & battery and did commit assault & battery on my person {for which he has already defaulted in a state suit} violating my 4th amendment rights.

Complaint 3-4.

C.   *Judgment in Lowell District Court Civil Action*

In August 2005, a "Stipulation of Judgment" was filed in the Lowell District Court civil action. Stipulation of Judgment, attached to Horan Motion for Summary Judgment as Exhibit B. Judgment entered on August 5, 2005. Judgment, attached to Horan Motion for Summary Judgment as Exhibit C; Docket Sheet, attached to Horan Motion for Summary Judgment as Exhibit D. The agreed Judgment was for $100. Stipulation of Judgment. With interest and Costs, the Lowell District Court Judgment was for $328.35. Judgment.

Although the plaintiff in the pending action calls himself "Jerry" Coviello, his full name is Gerald Anthony Coviello. Plaintiff's Deposition 5, attached to Horan Motion for Summary Judgment as Exhibit E.

Nothing suggests that the agreed judgment in the Lowell District Court action resolved only a narrow range of claims. To the contrary, the Stipulation of Judgment was clear it was intended to resolve a broad range of claims. It stated,

> Additionally, by stipulating to this judgment the parties agree that this judgment satisfies any claims the plaintiff may have against the defendant for all injuries to the plaintiff for any conduct of the defendant for all times up to and including December 3, 2004.

Stipulation of Judgment.

## ARGUMENT

I. FEDERAL COURTS GIVE A STATE COURT JUDGMENT THE SAME EFFECT THAT THE JUDGMENT WOULD HAVE UNDER THE LAW OF THE STATE WHERE THE JUDGMENT ENTERED.

In implementing the Constitution's Full Faith and Credit clause, U.S. Const., Art. IV, §1, Congress has passed legislation, 28 U.S.C. §1738, requiring the Federal Courts to give state court judgments the same preclusive effect the judgment would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City School Bd.*, 465 U.S. 75, 80-81 (1984). Federal courts in actions under 42 U.S.C. §1983 must apply this full faith and credit statute and give the same preclusive effect to state court judgments in state court actions as the state law in the state of the judgment. *Migra*, *supra*; *Torromeo v. Town of Fremont*, 438 F.3d 113, 115-116 (1st Cir.2006).

The plaintiff received a judgment against defendant Horan in a Massachusetts Court. Applying 28 U.S.C. §1738, as required by *Migra*, *supra*, the District Court must apply Massachusetts law to determine the preclusive effect of this judgment.

4

II.  A JUDGMENT IN ONE ACTION BARS THE SAME PLAINTIFF FROM PROSECUTING A SECOND ACTION ON THE SAME CLAIM, EVEN IF THE PLAINTIFF HAS NEW EVIDENCE, GROUNDS OR THEORIES, AND EVEN IF THE PLAINTIFF SEEKS REMEDIES OF FORMS OF RELIEF NOT DEMANDED IN THE FIRST ACTION.

A.  *Claims Splitting*

Massachusetts law gives a preclusive effect to its judgments, barring the re-assertion of the same claim or claims for connected transaction.  "When a valid and final personal judgment is rendered in favor of the plaintiff … the plaintiff cannot thereafter maintain an action on the original claim or any part thereof." *Dwight v. Dwight*, 371 Mass. 424, 427, 357 N.E.2d 772, 774 (1976). [3]  The plaintiff "cannot now prosecute a second action on the same claim, even though he is prepared to present evidence or grounds or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." *Dwight v. Dwight*, 371 Mass. 424, 427, 357 N.E.2d 772, 774 (1976)(internal quotations omitted).  Accord *Heacock v. Heacock*, 402 Mass. 21, 23, 520 N.E.2d 151, 153 (1988).

The plaintiff is not entitled to pursue his claim of personal injury through piecemeal litigation, offering one legal theory to the Lowell District Court while holding other theories in reserve for future litigation should the first theory prove less successful than the plaintiff may have hoped.  Litigation should have an end.  Parties should be

---

[3] The cases in this area use both the term "*res judicata*" and the term "claim preclusion." The older term, "*res judicata*," includes both claim preclusion and issue preclusion. "'Claim preclusion' is the modern term for the doctrines traditionally known as 'merger' and 'bar,' and prohibits maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies.  'Issue preclusion' is the modern term for the doctrine traditionally known as 'collateral estoppel' and prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim between the same parties or their privies." *Heacock v. Heacock*, 402 Mass. 21, 23 n.2, 520 N.E.2d 151, 152 n.2 (1988).

bound by the judgment concluding litigation. Once resolved, these matters should be considered settled forever between the parties. *Bagley v. Moxley*, 407 Mass. 633, 638-639, 555 N.E.2d 229, 232 (1990).

    B.    *Claim Preclusion Following Agreement for Judgment*

Claim splitting does not become more tolerable because the earlier civil action ended by the filing of an agreement for judgment stipulating that judgment enter for a particular amount. *Macheras v. Syrmopoulos*, 319 Mass. 485, 66 N.E.2d 351 (1946)(stipulated $200 judgment for plaintiff's claim for property damage in automobile accident bars plaintiff's personal injury claim from same accident).

    C.    *Scope of Claims Precluded*

The plaintiff's complaint against defendant Horan claims only defendant Horan's conduct at the stop of the plaintiff's car. The plaintiff's factual averments against defendant Horan in the present action are, in all material aspects, identical to the factual averments in the plaintiff's Lowell District Court complaint. The plaintiff may also be claiming that as a result of his encounter with defendant Horan in the traffic stop, the plaintiff sped off, ran into his home, donned body armor, took up firearms and engaged in an armed stand-off with the Chelmsford police. Even if the plaintiff now seeks to expand his claim for damages beyond what occurred at the traffic stop itself, his readiness to provide new evidence does not overcome the preclusive effect of the judgment in his Lowell District Court civil action against defendant Horan. *Dwight v. Dwight*, 371 Mass. 424, 427, 357 N.E.2d 772, 774 (1976)(judgment in earlier action precludes later action, even if plaintiff ready to offer evidence not offered in first action). "To bring claim preclusion into play, a cause of action need not be a clone of the earlier cause of action."

6

*Mass. School of Law v. American Bar Ass'n*, 142 F.3d 26, 38 (1st Cir.1998)(applying federal law).

Even if the plaintiff were ready to offer additional facts of later events in a series of connected transactions, and even if these later events provided the basis for completely different claims, claim preclusion would still bar his new claims. For example, if a racetrack ejects an unruly patron and the patron brings a civil action for assault and libel, a judgment precludes another civil action adding a claim of false arrest and a claim of malicious prosecution a week after ejection from the racetrack. *Matthews v. New York Racing Ass'n*, 193 F.Supp. 293 (S.D.N.Y.1961).

*Matthews v. New York Racing Ass'n*, *supra*, is the case from which the American Law Institute drew its illustration of a series of transactions so closely connected that resolution of claims from some transactions precludes a civil action for the remaining transactions. Restatement (Second) of Judgments §24, Comment d, Illustration 6. Massachusetts appellate courts have relied upon Restatement (Second) of Judgments §24 in matters of claim preclusion relating to claims for a series of events. *St. Germain v. Pendergast*, 416 Mass. 698, 705-706, 626 N.E.2d 857, 861 (1993)(O'Connor, J., concurring); *Bendetson v. Building Inspector of Revere*, 36 Mass. App. Ct. 615, 619, 634 N.E.2d 143, 146 (1994)(complaining of storage of trucks on land for violation of zoning code in one action and for violation of building code in another action requires claim preclusion; both actions complain of use of land); *Saint Louis v. Baystate Medical Center, Inc.*, 30 Mass. App. Ct. 393, 399-400, 568 N.E.2d 1181, 1185-1186 (1991). See *Mancuso v. Kinchla*, 60 Mass. App. Ct. 558, 570-571, 806 N.E.2d 427, 438 (2004)(applying federal law).

In an ongoing dispute, even events occurring years after the conduct which was the basis of a first civil action are not sufficient to defeat dismissal of a second claim, if the later events are part of an ongoing dispute. In *Saint Louis v. Baystate Medical Center, Inc.*, 30 Mass. App. Ct. 393, 568 N.E.2d 1181 (1991), the plaintiff anesthesia group commenced a 1981 civil action against hospital and another anesthesia group based on an ongoing dispute among the parties. A judgment in the 1981 civil action precluded a 1985 action by same plaintiff anesthesia group arising from the ongoing dispute with hospital and other anesthesia group, with additional claim of a 1983 exclusive contract between the defendant hospital and the defendant anesthesia group, which effectively barred the plaintiff's physicians from working at the defendant hospital. The application of claim preclusion to a series of transactions extending over years indicates that Massachusetts appellate courts would adopt the approach of *Matthews v. New York Racing Ass'n*, *supra*, and Restatement (Second) of Judgments §24, Comment d, Illustration 6 and include the plaintiff Coviello's armed stand-off with Chelmsford police as part of the same series of events as the traffic stop upon which plaintiff Coviello based his Lowell District Court civil action.

"The plaintiff cannot be permitted to splinter his claim into a multiplicity of suits and try them piecemeal at his convenience." *Matthews*, 193 F.Supp. at 295.

D.    *Payment of Judgment*

The plaintiff may argue that the Lowell District Court judgment has not been paid, so it has no preclusive effect. The undersigned attorney for defendant Horan has not found precedent directly addressing the preclusive effect of a judgment for an amount of money before the judgment has been paid. The nature of a Massachusetts judgment

8

and the purposes behind claim preclusion suggest that the payment or non-payment of a judgment should have no effect on the judgment's preclusion of claims.

A judgment in a civil action in Massachusetts is "the act of the trial court finally adjudicating the rights of the parties affected by the judgment …." Mass.R.Civ.P. 54(a). Apart from this adjudication of the rights of the parties, Massachusetts has extensive mechanisms for collection of money judgments. Mass.R.Civ.P. 69 (executions and discovery in aid of judgments and executions); Mass.G.L. c. 235 (execution and levy of execution); Mass.G.L. c. 236 (levy of executions on land); Mass.G.L. c. 224, §14-§21 (supplementary process);   In addition, Massachusetts has actions in the nature of equitable cases to reach and apply. *E.g.*, *Nile v. Nile*, 432 Mass. 390, 398, 734 N.E.2d 1153, 1159 (2000).  See Mass.G.L. c. 214, §3 (6) (jurisdiction for reach and apply actions).  Courts have two functions, deciding the rights of the parties and aiding in enforcing those rights.  Judgments fulfill the first function, deciding the rights of the parties.  Aiding in enforcing those rights is a distinctly separate function, carried out in party by courts and in party by others, such as sheriffs and constables.

Not only the nature of judgments, but also the purposes of claim preclusion indicate that the payment or non-payment of a judgment should not change the application of claim preclusion to that judgment.  A goal of claim preclusion is "judicial efficiency and the conclusiveness of judgments." *Bendetson v. Building Inspector of Revere*, 36 Mass. App. Ct. 615, 521, 634 N.E.2d 143, 147 (1994).  "The underlying policy reason for the bar of former adjudication is that parties and the judiciary should be spared repetitive litigation based on the same wrong." *Saint Louis v. Baystate Medical Center, Inc.*, 30 Mass. App. Ct. 393, 399, 568 N.E.2d 1181, 1185-1186 (1991).  The entry

of judgment in the Lowell District Court civil action resolved the liability of defendant Horan to the plaintiff and the amount of that liability; entry of judgment left collection of the judgment open to other processes of Massachusetts law.  It is this judgment alone, conclusive in its resolution of the plaintiff's claims against defendant Horan, to which claim preclusion applies.  Making claim preclusion contingent on payment of the judgment would ignore the purpose of claim preclusion, the court and the parties enduring only a single resolution of liability and damages.

## CONCLUSION

The District Court should allow defendant Michael Horan's motion for summary judgment.

Defendant Michael Horan

By his attorney,

/s/ Gerald Fabiano

Gerald Fabiano   BBO No. 157130
Pierce, Davis & Perritano, LLP
10 Winthrop Square  5th Floor
Boston, MA  02110
617-350-0950

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail and upon the attorney of record for each other party electronically on January 17, 2007.
   /s/ Gerald Fabiano
   _____
   Gerald Fabiano