```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


JERRY COVIELLO,                  )
     Plaintiff,                  )
                                 )
     v.                          )    C.A. No. 04-11901-MLW
                                 )
TOWN OF CHELMSFORD et al.,       )
     Defendants.                 )
```

ORDER

WOLF, D.J.                                         January 30, 2007

For the reasons discussed in court, it is hereby ORDERED that:

1. The following motions are MOOT.

    a) Defendants' Motion To Compel Expert Reports. (Docket No. 70).

    b) Plaintiff's Motion To Compel. (Docket No. 103).

    c) Plaintiff's Motion for Clarification. (Docket No. 103).

2. Although the court allowed the defendants' previous motion to compel, (Docket No. 82), imposing sanctions on the plaintiff for his failure to comply fully with the defendants' discovery requests is not appropriate as he was substantially justified in his refusal to comply.

3. Sanctions on the defendants for their late compliance with the plaintiff's request for answers to interrogatories are not appropriate because plaintiff did not attempt to confer with

defendants' counsel, as required by Local Rule 7.1(A)(2), before filing his Motion To Compel, (Docket No. 103).

4. Plaintiff's Motion to Exclude Expert Testimony, (Docket No. 112), is DENIED without prejudice. Both parties may file any motions to exclude or strike expert evidence with their motions for summary judgment. Any such requests shall follow the framework established in <u>Daubert v. Merrel Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993), and discussed in <u>Alves v. Mazda Motor of America, Inc.</u>, 448 F.Supp.2d 285, 298 (D. Mass. 2006). Any such motion shall state whether a <u>voir dire</u> of the opposing party's experts is requested in connection with the hearing on the motion for summary judgment.

5. Defendant Michael Horan shall file an amended answer to the complaint by February 2, 2007.

6. Any motions for summary judgment shall be filed by March 2, 2007.

7. Plaintiff shall file his opposition to Horan's Motion for Summary Judgment by March 16, 2007.

8. Any other oppositions shall be filed by April 6, 2007.

9. All filings related to motions for summary judgment shall comply with Local Rule 56.1.

10. A hearing on the pending motions will be held on May 7, 2007, at 3:00 p.m.

                                        /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE