UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JERRY COVIELLO )<br>Plaintiff )<br> )<br>v. )<br> )<br>TOWN OF CHELMSFORD et al. )<br>Defendants )<br> ) | | CIVIL ACTION NO. 04-11901-MLW<br><br>MEMORANDUM IN SUPPORT OF<br>DEFENDANT MICHAEL HORAN'S<br>MOTION FOR SUMMARY<br>JUDGMENT ON CLAIMS RELATED<br>TO DISPATCH RECORDING |

The plaintiff claims that defendants Frank Rourke and Scott Ubele edited a "turret tape" that was produced to the plaintiff. According to the plaintiff, this editing removed voices of police officers conspiring to have the plaintiff's car pulled over for the purpose of "ntimidation, harassment and/or assault and battery." Document 89. The plaintiff had previously stated, in a December 20, 2004 addition to his original complaint,

> If I did not receive a correct copy of the turret tape from the police to prove my allegation that the female officer in my civil action, Identified as Jen Fay, called {radioed} for officers to pull me over for the purposes of intimidation, and/or Harassment, then I have, in addition to my first complaint, been denied my right to petition the court for redress of grievances with a true and accurate Record.

Document 2.

The return of service on the summons to defendant Michael Horan, Document 3, shows that a constable served this summons and the complaint on defendant Horan's then-attorney on December 15, 2004. Mr. Horan's previous attorney in the present civil action filed an answer on behalf of all defendants, including Mr. Horan, on January 7, 2005 (Document 8.)

Defendant Horan had previously moved for summary judgment (Document 117) on the basis of a previous agreed judgment in the plaintiff's civil action against defendant Horan in a Massachusetts court. Since the January 29, 2007 status conference with the

District Court, however, the pro se plaintiff informed the undersigned attorney for Mr. Horan that the plaintiff plans to pursue a claim against defendant Horan for the alleged editing of the dispatch recording, which the plaintiff calls the "turret tape."

## FACTUAL SUBMISSION WITH MOTION

Defendant Horan submits this memorandum in support of his motion for summary judgment on the claims for alleged editing of the dispatch recording in the copy provided to the plaintiff. In support of his motion, defendant Horan also submits his affidavit, which states that he never had possession, custody or control of the dispatch recording or a copy of the dispatch recording before its production to the plaintiff, and that he had no role in copying or production of the dispatch recording to the plaintiff. Affidavit of Defendant Michael Horan.

## ARGUMENT

The plaintiff may argue that he can somehow show that a radio communication was made to defendant Horan instructing him to stop the plaintiff's car (and presumably to intimidate, harass, assault and batter the plaintiff, according to the plaintiff's pleadings) or that defendant Horan overheard a radio communication from Officer Fay asking that the plaintiff be subjected to such treatment. The plaintiff may then argue that he because the defendant Horan somehow knew that the copy of the audio recording of radio communications produced to the plaintiff omitted this content, defendant Horan is liable to the plaintiff for the plaintiff receiving the maliciously edited copy of the recording. Even viewing the facts in the light most favorable to the plaintiff, *Meehan v. Town of Plymouth*, 167 F.3d 85, 87 (1st Cir.1999), defendant Horan expects that the plaintiff will

2

be able neither to establish such a sequence of event nor to contradict defendant Horan's affidavit. Defendant Horan expects the plaintiff to fail at every step of what the plaintiff must show.

Defendant Horan does not expect the plaintiff's to be able to show that the original recording of radio transmissions contained conversation about harassing, intimidating, assaulting or battering the plaintiff. The plaintiff may argue that because an expert opined that copy provided to him was an edited version of the original recording, the content of the "unedited" recording is whatever he suggests it is. If the plaintiff were able to establish that a defendant had intentionally removed a portion of the recording in making a copy for the plaintiff, an inference, against that defendant, that the omitted portions would be unfavorable to a defendant is not the same as proving specific content.

Defendant Horan does not expect the plaintiff to be able to show that defendant Horan knew, before production of a copy of the recording to the plaintiff, that any copy of the recording was being made for the plaintiff. Defendant Horan does not expect the plaintiff to be able to contradict defendant Horan's affidavit that defendant Horan's affidavit that he never had the recording or a copy of the recording before its production to the plaintiff. Defendant Horan does not expect the plaintiff to be able to contradict defendant Horan's affidavit that defendant Horan had no role in copying the recording or producing it to the plaintiff.

Defendant Horan may suggest that because defendant Horan received a radio transmission prompting him to stop the plaintiff (something the plaintiff cannot show), defendant Horan must have known that the copy of a recording of radio transmissions produced to the plaintiff contained omissions. Even if one were to believe that defendant

3

Horan received such a transmission, nothing suggests that defendant Horan knew the contents of the copy provided to the plaintiff.

In sum, the plaintiff had a suspicion of the reason he was stopped on September 1, 2001. He received a copy of a recording of radio transmissions from the Chelmsford Police Department that did not confirm his suspicions. Then he then found someone claiming expertise in audio recordings who told the plaintiff that the copy of the recording had been edited. The remainder of whatever "proof" the plaintiff suggests is merely an account of his suspicions, suspicions for which he lacks proof.

Most important, the plaintiff is expected to lack any evidence contradicting defendant Horan's affidavit of lack of involvement in getting the allegedly edited recording to the plaintiff.

Defendant Horan also adopts the other defendants' argument for summary judgment against the plaintiff on his claims for alleged editing of the recording.

## CONCLUSION

Because defendant Horan was not involved in providing the copy of a dispatch recording the plaintiff claims was edited, defendant Horan should receive summary judgment on the plaintiff's claims for liability on the basis of being provided with an allegedly edited copy of the recording.

|  |  |
|---|---|
| | Defendant Michael Horan |
| I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail and upon the attorney of record for each other party electronically on March 2, 2007.<br>    /s/ Gerald Fabiano<br>    Gerald Fabiano | By his attorney<br><br>/s/ Gerald Fabiano<br>Gerald Fabiano  BBO No. 157130<br>Pierce, Davis & Perritano, LLP<br>10 Winthrop Square  5th Floor<br>Boston, MA  02110<br>617-350-0950 |