United States District Court
District of Massachusetts

Jerry Coviello
 / plaintiff

v.                                        CA# 04-11901-MLW

Town of Chelmsford
    Chelmsford, P.D.
      et al, Defendants

dated; Feb 26th 2007

## Motion For Summary Judgement

Now comes the plaintiff and pursuant to FRCP 56.1, moves this honorable court to enter judgment in favor of the plaintiff. As grounds for this motion the plaintiff contends the following;

Cause, by a Chelmsford police cruiser operated by officer Michael Horan, who was joined within seconds by 2 other Chelmsford police cruisers.

- My car was approached by all 3 officers simultaneously.

- After producing my license and registration I inquired as to the reason for the stop and was given an evasive response.

- I inquired further and at that point I was assaulted and battered by Michael Horan.

3

## Statement of Material Facts

1. Richard Fries was a passenger in my car. { see attached "Exhibit no. 1 Deposition of Richard Fries", pg 37 L1 → 5 }

2. Mr. Fries and I left the restaurant together. { see attached, "Exhibit no 1 Deposition of Richard Fries", pg 38 L14 → 17, "Exhibit no. 2 Report of detective Billy Winn" pg 3 L 10, 12 → 13 }

3. Mr. Fries made a comment to Officer Fay. { see attached "Exhibit no. 1 Deposition of Richard Fries" pg 38 L 22 → 24, pg 39 L1 → 24, pg 40 L1 → 24, "Exhibit no. 2 Report of detective Billy Winn pg 3 L 11 → 12 }.

4

"Exhibit no. 3 Police report of Officer Fay" 3

4. Officer Fay moved to the front door and used her radio. {See attached "Exhibit no. 2 Report of Detective Billy Winn" pg 3 L 13→15 }.

5. My car was stopped without cause. {See attached "Exhibit no. 4" (notarized letter to my attorney from) "Lillian M. Clark" and accompanying "Affidavit of Jerry Coviello". Deposition of Richard Fries Pgs 42, 49, & 50 }.

6. I was Assaulted and Battered by Michael Horan.

& see attached "Exhibit no. 5 <u>Plaintiff's motion for summary Judgement</u>" & "<u>Stipulation of Judgement</u>" 3.



~~6. I was Assaulted and Battered by Michael Horn~~

The plaintiff further contends that;

- After reasoning that the female officer {Fay} watched myself and Mr. Fries get in my car and used her radio to communicate to other officers and/or dispatch to "pull over"/stop my car;

- My attorney requested a copy of the "turret communications" for the night of Aug 31st 2001/Sept 1st

5

2001 from aproximately 12 midnight to aprx 12³⁰ AM.

- He was given this in the form of a cassette tape.
- A Forensic engineering firm, F.E.T. of Norwood Mass. was hired by my attorney to investigate strange sounds that were heard on the tape.
- The Company's forensic investigator and sound engineer Zed McLarnon analyzed the tape at his studio and informed my lawyer that the tape had been edited and

6

stop of my car, the voices of anyone making reference to this fact, or any incriminating statement, were edited to erase all exculpatory evidence to which I was entitled.

Statement of Material Facts

1. Attorney Tom Kerner contacted F.E.T. to investigate the integrity of the cassette tape. {see attached Exhibit no. 6 FET report of Zed McLarnon Pg 1 3}

2. The cassette tape and CD. recordings given to me were edited.

8

& see attached no. 6 FET report of Zed McLarnon, pg 12 "Conclusion" - 3.

The plaintiff begs the court to find that, in the first instance that Officer Fay used her radio to call to have my car stopped in retaliation for Mr. Fries' comment. And in the second instance, the police denied me a true and accurate copy of the record by editing recordings of the turret communications.