United States District Court
District of Massachusetts

Jerry Coviello
/plaintiff

v.                                    CA# 04-11901-MLW

Town of Chelmsford
   Chelmsford, P.D.
      et al, Defendants

dated: 3-1-2007

---

Now comes the plaintiff and files this <u>Motion to Exclude and Strike Defendants' Expert Evidence.</u> For cause the plaintiff cites the following reasons.

1. <u>Relevance</u> : Ms. Redlunds' curriculum vitae & see attached exhibit 1 3 show her qualifications lie outside of the field at issue. It shows she is a salesperson with acknowledgment in that field. And training on how to operate certain recording machines. It shows she has no experience or training in the field of Audio engineering, the physics of sound, of sound waves, and the electromagnetic signals that betray anomalies when scrutinizing audio recordings. Her field of

Pg 1

expertise has no "valid scientific connection to pertinent inquiry", {as her resume shows she has no training in scientific method} and thus her "testimony" does not meet this "precondition to admissibility" {see attached exhibit 2, Daubert v. Dow Pharma Inc., pg 3 (16)}.

2. <u>Scientific Knowledge</u>: Ms. Redlund's inferences and assertions "must be derived by <u>scientific method</u> to qualify as scientific knowledge" {underline added, see attached Exhibit

Pg 2

no. 2, pg 3 (10) 3. Scientific method is a process that when employed can be repeated by others capable in the same discipline. It is an exacting and detailed process. Nowhere in her "report" {see attached exhibit 3} is any mention made of methods employed to recreate Mr. McLarnons methods, or results, or to conduct tests of her own to arrive at other conclusions for the anomalies on the cassette tape and C.D.'s. On page 3 of

Pg 3

her "report" Ms. Redlund contends she was prepared to offer "speculations" on some of Mr. McLarnon's findings but was missing some key information. It is obvious that Ms. Redlund's report is all ~~spe~~ speculation. It is a "Fly by Night" assessment of a detailed, in depth report, it contains no "groundwork" of it's own, because Ms. Redlund is not trained in this discipline. And although expert witnesses are "permitted wide lattitude to

Pg 4

{see attached Exhibit a pg 3 (13)} and "Scientific knowledge establishes the standard of evidentiary reliability." {see attached exhibit a pg 3 (12)}, then Ms. Redlunds testimony, not grounded in any scientific knowledge, has <u>no</u> <u>evidentiary reliability</u>.

4. <u>Untimely disclosure</u>*: Ms. Redlunds "rebuttal report" was not served on or approximate to the Sept 28th '06 due date, or the date of Oct 13th, as they requested an extension of time. It was

pg 6