# United States District Court
## District of Massachusetts

Jerry Coviello
/plaintiff

v.                                    CA# 04-11901-MLW

Town of Chelmsford
Chelmsford, P.D.
et al, Defendants

dated; March 14th, 2007

---

Now comes the plaintiff and opposes Defendant Horans motion for Summary Judgement.

And gives the following argument.

Defendant Horans motion relies on his assertions that;

- There is no evidence of my allegations against himself, or the other defendants.

Pg 1

- He already recieved Judgemnt against him for a civil violation in state court.
- He paid the amount stipulated to {plus costs of interest}.
- He believes the stipulation absolves him from any other legal action.
- He did not produce the cassette tape and C.D.'s in question and never had them in his possession.

In opposition to this the plaintiff cits the following

Material Facts:

- Mr. Fries made a sexual comment to Officer Fay which upset her. { see attached exhibit no. 1, pg 39, Deposition of Rick Fries.

- immediatly after myself and Mr. Fries left the restaurant Officer Fay walked to the door and used her radio. { see attached exhibit no. 2, Investigation of Jerry Covello by Billy Winn. pg 2 { exh. no. 3 Affidavit of Billy Winn. pg 1

- Seconds after pulling out of the sidestreet the restaurant was on I was stopped and

Pg 3

- approached by 3 officers. {see attached exhibit 4 police officer Formal report, Narrative, OFC Horan.

- I was assaulted and battered by one of those officers {Horan} at that stop. {see attached exhibit no.5 ~~no.4~~, ~~police officers Formal report Narrative by OFC Horan~~ Judgement & Stipulation to Judgement.

- The reasons finally given for the stopping of my car were rebutted by eye witness testimony. {see attached exhibit no.6 Deposition of lillian Clark. Pg 9 Line 18→20, Pg 14 L 1→9, Pg 22 L 7→14

Pg 4

- The copy of the turret tape data I recieved in response to my allegations regarding Fay's call to have my car stopped was an edited/fraudulent copy of the master tape. {see attached exhibit 7 pg 12, Report of F.E.T. Forensic Investigator Zed McLaenon. "S.O" "Conclusion"
- The judgement and stipulation in state court was for assault and battery. This civil action is for "all injuries to the plaintiff" {see attached exh 5,872 3 caused by the police dept as a whole, by conspiring

pg 5

- to stop my car for an unlawfull purpose and the layers of covering up by the defendants for officer Fay's actions.
- The Stipulation (see attached exhibit 5, pg 2 ¶ 3 recognizes "any and all conduct", by Horan, "up to and including Dec. 3rd, 2004" but, whether Horan edited the tapes personally or not, is irrelevant, Horan has continued to be part of this conspiracy and this conduct has caused me injury beyond

Pg 6

- that specified date.
- An expert has declared that police destroyed exculpatory evidence, including a "master tape" {see attached exhibit 7, "5-0" Conclusion}

    The plaintiff contends this could not have been done without the complicity of all the defendants including Horan.

    The plaintiff further contends that Horans Arguments do not qualify for summary judgement as there is a genuine issue

Pg 7

to be tried from which a jury could reasonably draw a conclusion from the material facts of this case that;

- There was a call made to stop my car.
- Horan responded, directly or indirectly.
- The assault and battery of my person was a result/by product of that call.
- Everything since then is part of a cover up
- If Horan was not a willing

- conspirator there couldn't be any cover up.
- Horan is equally culpable, up to and including this point in time, for the violation of my stated civil rights.

Wherefore the plantiff moves this honorable court to deny defendant Horan's motion for summary Judgement.

Respectfully Submitted;

*Jerry Coviello*

phone
978-771-3061
978-884-8513

Jerry Coviello  Pro-Se
86 Richardson Rd. #1
N. Chelmsford, MA. 01863

Pg. 9