UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JERRY COVIELLO,                         )
     Plaintiff,                        )
                        )
V.                                      )       C.A. NO.:  04 11901 MLW
                        )
TOWN OF CHELSMFORD, et al  )

**THE DEFENDANTS, JENNIFER FAY, GARY HANNAGAN, JAMES SPINNEY, FRANCIS ROARKE, SCOTT UBELE, BERNARD LYNCH, RAYMOND MCCUSKER AND THE TOWN OF CHELMSFORD'S OPPOSITION TO THE PLAINTIFF'S MOTION TO EXCLUDE AND STRIKE THE DEFENDANTS' EXPERT EVIDENCE**

The defendants hereby submit the following Opposition to the Plaintiff's Motion to Exclude and Strike the Defendants' Expert Evidence.

The plaintiff claims that Ms. Redlands' testimony should be excluded because her curriculum vitae  shows that her qualifications lie outside of the field at issue and that she has no experience or training in the field of audio engineering, the physics of sound, sound waves and the electromagnetic signals that betray anomalies when scrutinizing audio recordings.

Ms. Redlund ("Redlund") should be allowed to testify as training as an audio engineer is not required for the analysis of the information in this case and she extensive experience with the Eyretel system used by the Chelmsford Police Department on the date of this incident and extensive knowledge of 9-1-1 systems in general.

In addition, Redlund did not need to recreate the methods used by McLarnon or conduct tests on her because her extensive knowledge and experience with the Eyretel system indicates that the recordings cannot be manipulated or edited otherwise they would have come up as a default or invalid when they were played.  In addition, it is

1

Redlund's opinion that the method used by McLarnon is faulty because he attempted to compare analog tapes that had been rerecorded to a CD copy made using the Eyretel system that was inappropriate. Based upon her opinion that McLarnon's analysis was inappropriate, there was no reason for Redlund to recreate the faulty method used by McLarnon in his review.

The plaintiff also claims that Redlund's testimony is not reliable and is not grounded on any scientific knowledge. To the contrary, Redlund's testimony is based upon her extensive experience and knowledge of the Eyretel system used by the Chelmsford Police Department on the night of this incident as compared to McLarnon who has no experience with this system and used faulty facts provided by the plaintiff as well as a faulty method of comparison.

The plaintiff also seeks to preclude Redlund's testimony because it was not timely served upon the plaintiff. The defendant denies that the expert disclosures were untimely. In addition, the plaintiff has failed to provide any evidence that he was prejudiced by any alleged untimely disclosure.

For the reasons set forth above, the court should deny Plaintiff's Motion to Exclude and Strike the Defendants' Expert Evidence.

Respectfully submitted,

The defendants,
By their attorneys,

__/s/ Jeremy Silverfine_____
Jeremy I. Silverfine, BBO#542779
Leonard H. Kesten, BBO#542042
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Date: April 3, 2007