UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERRY COVIELLO ) <br>       Plaintiff ) <br> ) <br> v. ) <br> ) <br> TOWN OF CHELMSFORD et al. ) <br>       Defendants ) <br> ) | CIVIL ACTION NO. 04-11901-MLW <br><br> OPPOSITION OF DEFENDANT MICHAEL HORAN TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

PLAINTIFF'S CLAIM FOR SEPTEMBER 1, 2001 MOTOR VEHICLE STOP

The plaintiff's motion for summary judgment claims that his car was stopped without probable cause and that defendant Michael Horan assaulted and battered him. His complaints, both in this civil action and in his Lowell District Court civil action against defendant Horan (attached to defendant Horan's motion for summary judgment as Exhibit A) alleges that this incident occurred on September 1, 2001.

As explained in defendant Horan's motion for summary judgment, an agreed judgment entered in the Lowell District Court civil action. Stipulation for Judgment (Exhibit B to Horan motion for summary judgment); Judgment (Exhibit C to Horan motion for summary judgment); Docket Sheet (Exhibit D to Horan Motion for summary judgment). The parties in the Lowell District Court civil action, the plaintiff and defendant Horan, agreed that "this judgment satisfies any claims the plaintiff may have against the defendant for all injuries to the plaintiff for any conduct of the defendant for all times up to and including December 3, 2004." Stipulation of Judgment (Exhibit B to Horan motion for summary judgment).

Federal courts give the same preclusive effect to state court judgments that the state where the judgment entered would give. 28 U.S.C. §1738; *Migra v. Warren City School Bd.*, 465 U.S. 75, 80-81 (1984).

As defendant Horan has already argued in support of his motion for summary judgment, Massachusetts does not allow a plaintiff who has received a judgment to assert claims from the same transaction or closely related transactions, even if the plaintiff seeks to present new evidence, seeks to assert new grounds or theories or seeks new remedies or forms or relief. *Dwight v. Dwight*, 371 Mass. 424, 427, 357 N.E.2d 772, 774 (1976). Matters resolved by judgment are settled forever. *Bagley v. Moxley*, 407 Mass. 633, 638-639, 555 N.E.2d 229, 232 (1990). Judgments entered by agreement have this same preclusive effect. *Macheras v. Syrmopoulos*, 319 Mass. 485, 66 N.E.2d 351 (1946).

For the plaintiff's traffic stop claims, he does not appear to argue that the transaction from which his present claim arises differs in any way from the transaction upon which he based his Lowell District Court civil action.

The plaintiff does not appear to suggest that the agreed judgment in Lowell District Court was not paid. The plaintiff admits the judgment has been paid. Plaintiff's opposition to defendant Horan's motion for summary judgment (document 137) at 2.

In connection with the plaintiff's motion for summary judgment on his traffic stop claims, defendant Horan disputes the following of the plaintiff's statement of material facts.

2.      Defendant Horan disagrees with the plaintiff's statement that the plaintiff and Richard Fries did not leave the restaurant together. The plaintiff was a little bit ahead of

Mr. Fries and Mr. Fries followed the plaintiff. Richard Fries Deposition 38, lines 10-18 (attached to defendants' motion for summary judgment as Exhibit 3B.)

4. Defendant Horan disagrees with the plaintiff's statement that defendant Fay moved to the front door and used her radio. Mr. Winn's hearsay statement is not made upon personal knowledge, but upon what he says Mr. Moi told him. To be considered in the plaintiff's motion for summary judgment, Mr. Winn's statement must be made upon personal knowledge, setting forth facts as would be admissible in evidence. Fed.R.Civ.P. 56(e). Mr. Winn's hearsay statement of what Mr. Moi told Mr. Winn would not be admissible. Fed.R.Evid. 801, 802.

5. Defendant Horan disagrees with the plaintiff's statement that the plaintiff's car was stopped without cause. He stopped the plaintiff's car for a defective tail light and a defective exhaust. Police Officer's Formal Report at 6-7 (attached to Defendants' motion for summary judgment as Exhibit 6.)

6. Defendant Horan disagrees with the plaintiff's statement that defendant Horan assaulted and battered the plaintiff. First, the plaintiff's factual basis for this statement was that the allowance of the plaintiff's motion for summary judgment on liability in the plaintiff's Lowell District Court civil action. This allowance, apparently made without any opposition being filed on behalf of defendant Horan (see docket sheet, attached to defendant Horan's motion for summary judgment as Exhibit D) was interlocutory. Judgment in the Lowell District Court civil action was not entered on the merits, but on an agreed stipulation for judgment. Stipulation for Judgment (attached to defendant Horan's motion for summary judgment as Exhibit B.) No preclusive effect should be given to the allowance of such a motion for partial summary judgment if the parties settle

the action in which the motion is allowed before judgment enters. *Tausevich v. Bd. of Appeals of Stoughton*, 402 Mass. 146, 149, 521 N.E.2d 385, 387 (1988), citing *Avondale Shipyards, Inc. v. Insured Lloyds*, 786 F.2d 1265, 1270 (5th Cir.1986). In addition, Richard Fries' description of the incident contradicts the plaintiff's assertion that defendant Horan assaulted or battered the plaintiff. Mr. Fries testified that after the plaintiff refused to shut off his engine, defendant Horan reached into the car in a way that looked as if defendant Horan was going to turn off the ignition. The plaintiff made a U-turn, driving off. Richard Fries Deposition 43-45 (attached to defendants' motion for summary judgment as Exhibit 3B.)

"TURRET TAPE" CLAIMS

The plaintiff's motion for summary judgment also claims that he was denied a true and accurate copy of the dispatch recording (which he calls a "turret tape") because the recording provided to him was changed.

First, the answers of defendant Ubele and defendant Roark, the police officers the plaintiff alleges altered the recordings or provided him with altered recordings, deny that they provided false evidence for the plaintiff's criminal defense. Defendant Ubele's Interrogatory Answer no. 7 (Exhibits 16 to defendants' motion for summary judgment); Defendant Roark's Interrogatory Answer no. 7 (Exhibit 17 to defendants' motion for summary judgment). Both Ubele and Roark deny editing the recordings. Defendant Ubele's Interrogatory supplemental answer no. 6 (Exhibits 16 to defendants' motion for summary judgment); Defendant Roark's Interrogatory Answers no. 4 and 6, and supplemental answer no. 4 (Exhibit 17 to defendants' motion for summary judgment).

Defendant Fay denies the conversation the plaintiff suggests was edited out of the recording he was provided.  Fay interrogatory answers no. 1-3 (attached to defendants' motion for summary judgment as Exhibit 4.)  Defendant Horan denies any awareness of the conversations the plaintiff suggests were edited out of the dispatch recording.  Horan interrogatory answers 1-3 (attached to plaintiff's motion for summary judgment as Exhibit 7.)  With a dispute of fact both on the existence of the conversation the plaintiff claims was edited out of the recording provided to him, and on defendant Horan's awareness of such a conversation, his motion for summary judgment against defendant Horan for taking some part in providing the plaintiff with an edited copy of a dispatch recording must fail.  Fed.R.Civ.P. 56 (c) (summary judgment where no genuine issue as to any material fact).

In addition, defendant Horan has provided an affidavit that he did not have possession, custody or control of the dispatch recording, and that he had no role in copying the dispatch recording or providing it to the plaintiff.  Affidavit of Michael Horan, submitted with Defendant Michael Horan's Motion for Summary Judgment on Claims related to Dispatch Recording and Request for Oral Argument.  This affidavit provides further dispute of the material facts upon which the plaintiff bases his motion for summary judgment against defendant Horan on the plaintiff's "turret tape" claims.

In responding to the plaintiff's statement of material facts on his "turret tape" claims,

2.	Defendant Horan disagrees with the plaintiff's statement that the cassette tape and CD given to him were edited.  Defendants Ubele and Roark, the defendants he claims carried out the alteration and provided him with an edited copy of the dispatch recording,

deny such editing.  Defendant Ubele's Interrogatory supplemental answer no. 6 (Exhibits 16 to defendants' motion for summary judgment); Defendant Roark's Interrogatory Answers no. 4 and 6, and supplemental answer no. 4 (Exhibit 17 to defendants' motion for summary judgment).  In addition, a person with specialized knowledge of how the Town of Chelsmford made such recordings explained why the Town's recording system could not provide edited recordings.  Affidavit of Kathleen Redlund.  The interrogatory answers of defendants Ubele and Roark, and Ms. Redlund's affidavit provide a genuine dispute about whether the copy of the recording provided to the plaintiff had been edited.

## CONCLUSION

The District Court should deny plaintiff's motion for summary judgment, as it applies to defendant Michael Horan.

>Defendant Michael Horan
>
>By his attorney
>
>/s/ Gerald Fabiano
>Gerald Fabiano  BBO No. 157130
>Pierce, Davis & Perritano, LLP
>10 Winthrop Square  5th Floor
>Boston, MA  02110
>617-350-0950

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail and upon the attorney of record for each other party electronically on April 6, 2007.
/s/ Gerald Fabiano
Gerald Fabiano