UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JERRY COVIELLO<br>Plaintiff<br><br>v.<br><br>TOWN OF CHELMSFORD et al.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 04-11901-MLW<br><br>REPLY OF DEFENDANT MICHAEL HORAN TO PLAINTIFF'S OPPOSITION TO DEFENDANT HORAN'S MOTIONS FOR SUMMARY JUDGMENT |

PLAINTIFF'S CLAIM FOR SEPTEMBER 1, 2001 MOTOR VEHICLE STOP

The plaintiff claims that genuine issues of material fact exist to prevent summary judgment for defendant Horan.  Defendant Horan does not deny that the plaintiff claims defendant Horan assaulted and battered the plaintiff, that defendant Horan denies assaulting or battering the plaintiff and that non-party witness Richard Fries supports defendant Horan's account.  A dispute of facts on what happened at the traffic stop does not matter in deciding the plaintiff's claim against defendant Horan.

As more fully discussed in defendant Horan's motion for summary judgment, it is the judgment entered in Lowell District Court that precludes the plaintiff from bringing claims about the traffic stop against defendant Horan.  The agreement of the plaintiff and defendant Horan that judgment enter in the Lowell District Court action, and the entry of that judgment makes what happened at the traffic stop immaterial.  Because the judgment entered, whatever claims might have arisen from that traffic stop are now forever settled. *Bagley v. Moxley*, 407 Mass. 633, 638-639, 555 N.E.2d 229, 232 (1990).

The plaintiff also attempts to distinguish his Lowell District Court civil action, in which he claimed assault and battery, and his U.S. District Court civil action, in which he claims "all injuries." The plaintiff "cannot now prosecute a second action on the same claim, even though he is prepared to present evidence or grounds or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." *Dwight v. Dwight*, 371 Mass. 424, 427, 357 N.E.2d 772, 774 (1976)(internal quotations omitted). Accord *Heacock v. Heacock*, 402 Mass. 21, 23, 520 N.E.2d 151, 153 (1988).

"TURRET TAPE" CLAIMS

The plaintiff asserts that whether defendant Horan edited the "tapes" does not matter. According to the plaintiff, defendant Horan must have known the plaintiff was being provided with an edited copy of the recording, so that mere knowledge is enough for the defendant Horan to have participated in a conspiracy to provide the plaintiff with a false recording.

First, the plaintiff simply states that defendant Horan must have known the contents of the portions of the recording the plaintiff claims were edited out. The plaintiff does not support his claim of those contents by affidavit, deposition or any other material acceptable under Fed.R.Civ.P. 56. Second, defendant Fay has specifically denied having the conversation the plaintiff claims was edited out of the copy of the recording provided to the plaintiff. Fay interrogatory answers 1-3 (attached to defendants' motion for summary judgment at Exhibit 4.) Plaintiff offers nothing but his speculation on the content of this supposed omission. Third, defendant Horan has

specifically denied any awareness of the content of the communication the plaintiff suggests was edited out. Horan interrogatory answers no. 1-3 (attached to defendants' motion for summary judgment as Exhibit 7.) The plaintiff has offered nothing but his suspicions to suggest that defendant Horan was aware of such a conversation.

In addition, to prove a conspiracy against defendant Horan under 42 U.S.C. §1983, the plaintiff must show that defendant Horan had entered into an agreement to edit the recording. See *Aubin v. Fudala*, 382 F.2d 280, 286 (1st Cir. 1983). Even applying the lesser standard of the parties acting interdependently, each deciding to act only because he was aware others would act similarly (as applied in antitrust litigation, See *Aubin*, *supra*) the plaintiff has not provided any material acceptable under Fed.R.Civ.P. 56 showing the existence of such an agreement. Addressing the issue directly, other courts have held that an agreement is required for a conspiracy under 42 U.S.C., §1983, and that conscious parallelism is not enough. *Fullman v. Philadelphia Int'l Airport*, 49 F.Supp.2d 434, 444 (E.D.Pa.1999) and cases cited therein.

## CONCLUSION

The District Court should allow defendant Horan's motions for summary judgment.

|  |  |
|---|---|
| | Defendant Michael Horan |
| I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail and upon the attorney of record for each other party electronically on April 6, 2007. | By his attorney |
| | /s/ Gerald Fabiano |
| | Gerald Fabiano  BBO No. 157130 |
| | Pierce, Davis & Perritano, LLP |
| | 10 Winthrop Square  5th Floor |
| /s/ Gerald Fabiano | Boston, MA  02110 |
| Gerald Fabiano | 617-350-0950 |