# United States District Court
## District of Massachusetts

Jerry Coviello
/plaintiff

v.                                          CA# 04-11901-MLW

Town of Chelmsford
   Chelmsford, P.D.
      et al, Defendants

dated: April 3rd 2007

---

Now comes the plaintiff to oppose Defendant's Jennifer Fay, Gary Hamagan, James Spinney, Frank Roacke, Scott Ubele, Bernard Lynch, Raymond McCusker, and the Town of Chelmsford, Motion For Summary Judgment.

As grounds for this, the plaintiff States the following facts.

- The defendants contend that Officer Fay "did not call the dispatcher or anyone else" {underline added}, and she "only left her detail at the Hong Kong to assist with traffic" {see <u>Defendants motion for Summary Judgement</u> attached as exhibit 1 at pg 2, no. 8}.
- But in Fact;
- She was seen moving to the door right after myself and Mr. Fries left and using her radio to communicate to someone about something {see <u>affidavit of Bill Winn</u>, attached as

exhibit 2, pg 1. <u>Investigation of Gerald Coviello</u> (report of Bill Wenn) attached as exhibit 3, pg 2 L 12→15 }.

- She left her detail that night for the express purpose of driving Richard Fries to the police station while verbally berating him for "harassing" her. { see <u>Deposition of Richard Fries</u>, attached as exhibit 4, pg 39 L 12→ 22. <u>Report of F.E.T. Forensic Investigator Zed McLarnon</u> attached as exhibit 5, Appendix 20

pg's 15, 17, 22 }.

- The defendants contend that I was stopped "because of a defective taillight and exhaust", { exhibit 1, pg 3, no. 16 }, and that the rebutting testimony of eyewitness Lillian Clark should be dismissed because she is not a professional mechanic, and did not turn on the engine of my car to determine "if all the lights were working". { exhibit 1, pg 3 no. 16, and footnote #1 }.

- But in fact;
- Neither I nor my passenger Richard Fries heard Horan give those reasons for the stop. {See <u>Deposition of Gerald Anthony Coviello</u> attached as exhibit 6, pg 36 L 16→24, Pg 37 L 1→19. <u>Criminal Trial Transcript</u>, attached as exhibit 7, pg 13, L 16→22. <u>Exhibit 4</u>, pg 43, L 12→24, pg 44 L 1→24 pg 49 L 24, pg 50 L 1→7 }.
- Ms. Clark has experience with motor vehicles because she

worked on her own vehicle {See *Deposition of Lillian Clark* attached as exhibit 8, pg 9 L 18 → 24, Pg 10, L1 3}.

- It is not necessary to turn on the motor of a 1967 Ford Mustang to engage the lights; obviously since she successfully accomplished this task. {*Exhibit 8*, pg's 14, 15, & 16, L 1 → 10}.

- It is not necessary to be a licensed auto mechanic to tell whether a taillight bulb is on or off {*Exhibit 8* pg 22 L 4 → 14}.

{See <u>letter</u> of Lillian Clark, attached as exhibit 9, 3.

- The defendants contend, in what I believe is a deliberate attempt to mislead the court, that I <u>acknowledge</u> being <u>asked</u> to exit the vehicle. {exhibit 1, pg 3, no 23 }.

- But in fact ;
- I have always maintained that I was never <u>asked</u> to do so. { <u>exhibit 7</u>, pg 86, L 20 on, pg 87, 88, 89. <u>Exhibit 6</u>, pg 37, L 19→24 pg 67, L 13→20 }.

- My passenger Richard Fries never heard anyone ask me to exit the vehicle. {Exhibit 4, pg 43 L14→24, pg 44, L1→9}.
- The defendants contend that even though I have a judgement and stipulation against Horan for assault and battery {Exhibit 1, pg 6 no. 46} it is still just an allegation on my part {Exhibit 1, pg 3 no. 24}
- But in Fact;
  - The judgement and Stipulation which was granted because of

Horan's refusal to be deposed {See <u>Memorandum in Support of Summary Judgement</u> attached as Exhibit 10, pg 3 footnote #1. <u>Judgement and Stipulation</u> attached as Exhibit 11, pgs 1 & 2} is a legal document, carries weight, and renders the assault of my person a matter of undisputed fact.

• The defendants contend that statements made to private investigator Bill Winn by the maitre' d' of the restaurant

of Mr. Winn's report, that he found it absolutely necessary to use an interpreter fluent in Cantonese Chinese, and had done so. {exhibit 12 pg 18 L 18 → 24, Pg 19 3.

- The defendants tried to use Mr. Moi's wife as a partial translator. {Exhibit 12 pg 6 L 15 → 17 }.

- The plaintiff objects. Mrs. Moi could have deliberately mistranslated questions to elicit a "no" or "I don't

remember" response in order to bring the interview to an end and remove her husband from any further involvement in this case. She has a "personal connection" to the witness, and a vested interest in keeping him away from anything that looks like trouble.

- The defendants contend that "part of Mr. McLarnons opinion is based upon the investigators report" {Exhibit 1, pg 5 no. 44} and allude that mr. mclarnon's

personal life may have influenced his findings {Exhibit 1 pg 5 no 43}

- But in fact;
  - Mr. McLarnon only used the investigators report as part of his "scientific process" in order to pinpoint the location of possible edits.
  - The report of the investigator had no influence on his findings. {Exhibit 5, pgs 2 "1-2" "scientific process", 3 "1-2" continued, 3 "2.0" "Results", pg 7

"4-0" "Analysis of Audio recordings pg's 8, 9, 10, 11, 12, 13 }
- Mr. McLarnon only offers "opinion" as to "why" the copies of the turret tape had edits, that they "were edited" he states as provable FACT.
{ Exhibit 5 pg 13, "5-2-4 Mr. Coviello's claims" }
- The plantiff hired F.E.T. to investigate the "suspicious sounds" heard on the cassette recording. F.E.T. is directed by John M. Orlowski, a

scientist who evaluates all work done by his people to ensure the integrity of the results before it goes on his company's letterhead. { Exhibit 5 Front page }

- Mr. Orlowski assigned Mr. McLarnon to the case.

- The defendants contend they have an expert, Kathleen Redlund, who rebutts the findings of Mr. McLarnon

- But in FACT ;

- Ms. Redlund is a salesperson

- Ms. Redlund is not a forensic investigator.
- Ms. Redlund is not a sound engineer.
- Ms. Redlund has never testified in any court regarding evidence of edits, or any of the physical properties of sound.
- Ms. Redlund is not a scientist, has no scientific training, and employs no scientific analysis.
- Ms. Redlund is not qualified under Federal rules of evidence 701, 702, 703, to offer

testimony in this case as an expert. {See <u>Resume of Kathleen Redlund</u> (curriculum vitaes) attached as Exhibit 13. <u>Report of Kathleen Redlund</u> attached as exhibit 14. <u>Daubert v. Dow pharma</u> attached as Exhibit 15, pg's 2, 3. 3. The plaintiff contends that the defendants arguments do not qualify for summary judgment, and that there is a genuine issue to be tried from which a jury could

reasonably conclude that it is more than mere coincidence that;

- Mr. Fries made a sexual "pass" at officer Fay on our way out of the Hong Kong.
- My car was besieged by 3 officers within moments of leaving the restaurant parking lot.
- I was assaulted and battered at that stop.
- The maitre d' of the restaurant told a detective and his

interpreter that he saw Fay go to the door and make a call.
- A forensic investigator says the turret tape recordings for all calls made that night for that time period were manipulated
- Another forensic scientist testified that other evidence against me was fabricated.

And that jury could then conclude that;
- Fay called to have my car stopped.
- Officers Horan, Spinney

pg 21

And Hannigan responded either directly or indirectly to that call.

- I was assaulted and battered as a result/by product of that call.

- Evidence was manipulated/fabricated by the defendants to cover up police misconduct.

Wherefore the plaintiff moves this honorable court to deny the defendants motion for summary judgment.

Request for Oral Argument

The plaintiff requests a hearing on this motion pursuant to local rule 7.1 (D), on the grounds that oral argument may assist the court.

Respectfully Submitted;

*Jerry Coviello*

Jerry Coviello Pro-SE
86 Richardson Rd. #1
N. Chelmsford, MA. 01863

978-771-3061
cell 978.884-8513